IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RICKY G. MORENO, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:14-CV-351-O |
| § | |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Ricky G. Moreno, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner is serving a life sentence in TDCJ on his 1990 Tarrant County conviction for murder in Case No. 0309662D for an offense occurring on April 24, 1987. Pet. 2, ECF No. 1. The judgment also included a deadly weapon finding. By way of this federal petition, Petitioner complains that (1) in violation of due process TDCJ took 3,404 days of his good time without any "disciplinary case or violation or notice"; (2) TDCJ and the Texas Board of Pardons and Paroles (the Board) are applying the wrong parole laws to his sentence for an offense occurring on April 24, 1987; and (3) in violation of the ex post facto clause TDCJ has put false information in his file to mislead the Board into denying him parole based on "the wrong laws and statutes." *Id.* at 6-7. Petitioner filed a state habeas application raising his claims, which was denied without written order

by the Texas Court of Criminal Appeals. Adm. R., WR-33,643-18, Action Taken, ECF No. 7-25. This federal petition followed. Although eligible for parole, at the time Petitioner filed this petition he had most recently been denied parole in November 2013. Adm. R., WR-33,643-18 Writ, 104, ECF No. 7-26. He has since been reviewed for and denied parole in October 2014 and is currently in the review process once again.[1]  *See* TDCJ's Offender Information Details, Parol Review Information, http://www.tdcj.state.tx.us. In 2013 and 2014 the Board denied parole for the following reason(s):

> **2D Nature of Offense -** The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; or the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate poses a continuing threat to public safety; or the record indicates *use of a weapon.*

*Id.*; Adm. R., WR-33,643-18, 104, ECF No. 7-26 (emphasis added).

## II. RULE 5 STATEMENT

Respondent believes that the petition is neither time-barred nor successive and that Petitioner's claims have been exhausted in state court. Resp't's Answer 3, ECF No. 9.

## III. DISCUSSION

Petitioner claims TDCJ has taken 3,404 days of his good time credit without explanation or notice. In Texas, inmates serving life sentences are eligible to be considered for discretionary parole. *Ex parte Franks,* 71 S.W.3d 327, 328 n.1 (Tex. Crim. App. 2001). However, the matter of accrued good time credit presents a basis for federal habeas corpus relief only if the petitioner has been deprived of a federal constitutional right. *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998).

---

[1]The Court takes judicial notice of the records filed in Petitioner's prior federal habeas petition. Adm. R., Moreno v. Stephens, Civil Action No. 4:13-CV-092-A, ECF Nos. 14 & 15.

A state prisoner does not have a federal constitutional right to early release on parole. *See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). The decision to parole or not to parole is discretionary under Texas law. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Accordingly, Texas parole statutes, past and present, do not create a protectible liberty interest in good time credits which would implicate due process considerations. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana*, 65 F.3d at 32. Petitioner's claim regarding lost good time credit does not raise a basis for federal habeas relief.

Petitioner also claims that in violation of the ex post facto clause TDCJ and the Board are applying the new amendments to article 42.18, § 8(c) of the Texas Code of Criminal Procedure instead of the statute in effect when he committed the offense and that under the applicable statute the Board could not "use an affirmative finding of a weapon to" deny parole. Pet'r's Mem. at 13. As to the first claim, Petitioner cites the Court to former article 42.18, § 8(c) of the Texas Code of Criminal Procedure as the proper statute, however article 42.18, § 8(c) in effect at the time Petitioner committed the offense addressed a state prisoner's release to mandatory supervision. *See* Act of May 21, 1985, 69th Leg., R.S., ch. 427, § 2, 1985 Tex. Gen. Laws 2895, 2947-48. Former article 42.12, § 15(b) in effect when Petitioner committed the offense appears to be the applicable parole statute. Under article 42.12, § 15(b), Petitioner was required to serve one-third of his sentence without consideration of good time or 20 years, whichever was less, before being eligible for parole. *See* Act of May 30, 1977, 65th Leg., R.S., ch. 347, § 1, 1977 Tex. Gen. Laws 925, 927 (currently Tex. Gov't Code Ann. § 508.145(d) (West Supp. 2014)). As to Petitioner's second claim, he was previously advised in his prior habeas action that a Texas inmate has no constitutionally protected liberty

3

interest in obtaining parole, and, thus, any challenge to the procedures the Board uses to deny parole, the guidelines affecting suitability for parole, and/or the factors considered by the Board to reach its decision necessarily fails. *Portley v. Grossman*, 444 U.S. 1311, 1312-13 (1980); *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007); *Allison*, 66 F.3d at 73; *Orellana,* 65 F.3d at 32. These claims do not raise a basis for federal habeas relief.

**IV. CONCLUSION**

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is DENIED.

**SO ORDERED** on this 15th day of October, 2015.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**